AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Marvin Isaac Caceres Maradiaga<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 8:25-mj-2571-NHA<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 15, 2025__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1253(a)(1)(A) | Overstaying a Final Order of Removal |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_/s/ Ashley Autuori_
Complainant's signature

Ashley Autuori, HSI Special Agent
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: July 18, 2025

_/s/ Natalie Hirt Adams_
Judge's signature

City and state: Tampa, Florida

Natalie Hirt Adams, United States Magistrate Judge
Printed name and title

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Ashley Autuori, being duly sworn, hereby depose and state as follows:

1. I am employed as a Special Agent ("SA") with the Department of Homeland Security (DHS), Homeland Security Investigations ("HSI"), and am currently assigned to Tampa, Florida. I have been employed as a federal law enforcement agent since April of 2024.

2. As a Special Agent, I am charged with enforcing United States immigration laws, both administrative and criminal, including investigating violations of such laws and making arrests of removable aliens in accordance with these laws. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

3. I submit this Affidavit in support of a criminal complaint charging Marvin Isaac CACERES Maradiaga ("**CACERES**"), with failure to depart after a final order of removal, in violation of 8 U.S.C. § 1253(a)(1)(A).[1]

---

[1] According to 8 § 1253, "Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 1227(a) of this title, who- - (A) willfully fails or refuses to depart from the United States within a period of 90 days from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court, (B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure, (C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or (D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order, shall be fined under Title 18, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 1227(a) of this title), or both."

4. The statements contained in this affidavit are based on my personal knowledge and experience, and reliable information from other law enforcement officers and computer databases. Because of the limited purpose of this affidavit, I have not included each and every fact known to me. I have included only those facts that I believe are necessary to establish probable cause supporting the requested complaint.

## PROBABLE CAUSE

5. On or about August 15, 2016, CACERES was encountered by Border Patrol Agents, who determined CACERES had illegally entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. CACERES was arrested by Border Patrol Agents and served with a Warrant of Arrest and Notice to Appear before an Immigration Judge.

6. On or about August 17, 2016, CACERES was found eligible for release pending his hearing before an Immigration Judge and was released from custody.

7. On or about October 30, 2019, CACERES was ordered removed by an immigration judge during an immigration court hearing in which CACERES was present.

8. A review of documents from **CACERES'** A-File revealed that **CACERES** filed an appeal for this decision with the Board of Immigration Appeals (BIA). On February 14, 2023, **CACERES'** appeal was denied by the BIA.

9. **CACERES'** A-File also revealed that **CACERES** and his legal counsel were both mailed a copy of this decision at that time.

10. In July of 2025, Homeland Security Investigations (HSI) Global Trade Investigations (GTI) Special Agents received information regarding Marvin CACERES-Maradiaga who HSI Investigative Analyst had identified as a citizen of Honduras, who had a Final Order of Removal and who was unlawfully present in the United States.

11. As part of this investigation, agents determined **CACERES** had his business, Isaac Caceres Construction, LLC, registered at 6409 N 41st St Tampa, Florida.

12. On or about July 15, 2025, HSI Special Agents were conducting surveillance of that residence and observed **CACERES** exit the residence and enter a vehicle parked in the driveway of the residence.

13. Agents, with insignia clearly identifying them as "Police" and "Federal Agents" approached **CACERES**. Agents asked **CACERES** his name and he confirmed his identity. Special Agents then instructed **CACERES** to step out of the vehicle.

14. As Agents were speaking with **CACERES**, Luz VAZQUEZ Cruz and Alfredo FUENTES exited the residence and began to verbally accost agents. VAZQUEZ and FUENTES then began physically assaulting agents by pushing, shoving and throwing punches at Agents. VAZQUEZ and FUENTES placed their

bodies between **CACERES** and federal agents. Their conduct prevented agent from arresting **CACERES**, and executing the final order of removal.

15. The assaultive actions of VAZQUEZ and FUENTES allowed **CACERES** to return inside the residence without being apprehended by law enforcement and later abscond from the scene.

16. VAZQUEZ granted verbal consent to search the residence for **CACERES**. After being granted consent, agents entered the residence and conducted a protective sweep resulting in the discovery of FUENTES hiding in the attic concealed in insulation. Agents were unable to locate **CACERES** in the residence.

17. When questioned by agents about the location of **CACERES**, FUENTES stated that **CACERES** was no longer in the residence because he fled out the back window.

18. On July 15, 2025, the Honorable Natalie H. Adams authorized a criminal complaint charging Vazquez and Fuentes with assaulting a federal agent in violation of 18 U.S.C. § 111.

19. During a post-*Miranda* interview that was audio recorded, FUENTES stated **CACERES** had fled from the residence out the back window.

20. During the interview, FUENTES was shown an image of **CACERES**. FUENTES positively identified the individual in the photograph as **CACERES**.

21. During a post-*Miranda* interview that was audio recorded, VAZQUEZ was shown a picture of **CACERES**. VAZQUEZ positively identified the individual in the photograph as **CACERES**.

22. Agents involved in the July 15, 2025, surveillance at 6409 N 41st St Tampa, Florida, who had observed **CACERES** absconding from the vehicle, reviewed multiple previous law enforcement encounter photographs of **CACERES**. Based on these images, they determined the individual who absconded from law enforcement on July 15, 2025, was **CACERES**.

23. As an alien who entered the United States on or about August 15, 2016, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States, **CACERES** is a deportable alien as defined in section 8 U.S.C. § 1227(a)(1)(A) to wit; **CACERES** is an alien who at the time of entry was within one or more of the classes of aliens inadmissible by entering the United States without proper inspection in violation of 8 U.S.C. § 1325.

24. As an alien who entered the United States on or about August 15, 2016, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States, **CACERES** is a deportable alien as defined in section 8 U.S.C. § 1227(a)(1)(B)-any alien who is present in the United States in violation of any law of the United States, to wit; at the time of entry, **CACERES** was present in the United States without admission or parole in violation of Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.

25. **CACERES** willfully failed and refused to comply with a lawful final order of removal and later, willfully absconded from federal agents. Based on my training and experience, and knowledge of this investigation, it is clear **CACERES** is intentionally failing to comply with the final order of removal.

26. I am also aware that no information exists, either in the A-File or the computer databases, showing that **CACERES** has received cancellation of removal or been granted an appeal of his order of removal.

## CONCLUSION

27. Based on the foregoing information, I respectfully submit that probable cause exists to believe that **CACERES** has failed to depart after a final order of removal in violation of 8 U.S.C. § 1253(a)(1)(A).

_____
Ashley Autuori
Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 18 day of July 2015, in Tampa, Florida.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

6